Sherpa v. Sessions

BIA
Wright, IJ
A087 640 023

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand seventeen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

PASANG DONGA SHERPA,
> *Petitioner,*

v.                                                        14-4257
                                                         NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:            Stuart Altman, Law Office of Stuart
                           Altman, New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:** Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pasang Donga Sherpa, a native and citizen of Nepal, seeks review of an October 29, 2014 decision of the BIA, affirming a November 8, 2012 decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Pasang Donga Sherpa,* No. A087 640 023 (B.I.A. Oct. 29, 2014), *aff'g* No. A087 640 023 (Immig. Ct. N.Y.C. Nov. 8, 2012). Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005), applying well established standards of review, *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case.

For asylum applications like Sherpa's, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably relied on several discrepancies in the record in finding that Sherpa was not credible as to her claims that Maoists threatened her, attacked her husband, and killed her father on account of her membership in the Nepali Congress Party. Specifically, there was an inconsistency between Sherpa's testimony and her record evidence regarding whether she had burned the initial threatening letter that she received from the Maoist. Although she testified that she had burned the letter, she, in fact, submitted it into evidence. When confronted with this inconsistency, Sherpa claimed that she was nervous and had forgotten about the letter. The IJ was not compelled to credit Sherpa's explanation. Sherpa's

3

testimony did not indicate that she had forgotten about the letter; to the contrary, she remembered burning it. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citations and internal quotation marks omitted)).

Further evidentiary concerns arose because the original death certificate for her father that Sherpa submitted was registered and signed three months before his date of death. A second death certificate had an updated registration date and stated that the first document simply contained a mistake. The IJ was not required to credit this explanation, particularly given that the first certificate was handwritten and the registration date was written twice on the document, making it unlikely that the date was simply a clerical error. *See Majidi*, 430 F.3d at 80. Sherpa's argument that the IJ should not have used a translation error in her father's death certificate against her is misplaced. The IJ acknowledged the translation error and did not cite it as support for the adverse credibility determination.

4

Finally, the agency reasonably relied on inconsistencies regarding the attack on Sherpa's husband. Sherpa testified inconsistently as to when the attack occurred and her allegation that her husband was hospitalized after the attack was a detail absent from her husband's June 2012 letter describing the incident. Her explanations for these inconsistencies were not compelling. *See id.* In her brief, Sherpa argues that her husband's letter could not have included his hospitalization because the letter was written in 2009, years before the attack. This argument mischaracterizes the record, which includes two letters from Sherpa's husband, one from 2009 and another from 2012.

Furthermore, the agency reasonably found Sherpa's additional corroborating evidence insufficient to rehabilitate her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

Given these inconsistencies both within Sherpa's testimony and between her testimony and documentary evidence, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. That credibility finding is dispositive of asylum, withholding of

removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court